IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES L. BROOKS,          )<br>                                           )<br>         Plaintiff,                  )<br>                                           )<br>v.                                       )<br>                                           )<br>CINDI CORNWELL, et al.,  )<br>                                           )<br>         Defendants.              )<br>_____)  | CIVIL ACTION<br><br>No. 15-9150-KHV |

## MEMORANDUM AND ORDER

James L. Brooks filed this suit pro se on May 26, 2015 in the District Court of Johnson County, Kansas, asserting federal and state law claims against the City of Overland Park, Kansas, Overland Park Municipal Judge Cindi Cornwell, Overland Park Prosecutor Laine Barnard and Overland Park employees Brian Taylor and Kimberly Hendershot. See State Court Petition (Doc. #1-1). Plaintiff's claims arise from Overland Park Municipal Court citations concerning real property owned by plaintiff and related proceedings in Overland Park Municipal Court. Although the state court petition is far from clear, it sets out seven counts which intermingle federal claims under 42 U.S.C. § 1983 for deprivation of constitutional rights under the Fifth and Fourteenth Amendments to the United Sates Constitution; violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. and state law claims for malicious prosecution and fraud. On July 1, 2015, defendants removed the action to this Court (Doc. #1).

This matter comes before the Court on Defendants' Motion To Dismiss (Doc. #8) filed July 24, 2015. This motion is sustained for reasons set forth briefly below and for substantially the reasons set forth in the Memorandum In Support Of Defendants' Motion To Dismiss (Doc. #9) filed July 24, 2015 and Defendants' Reply In Support Of Motion To Dismiss/Response To Plaintiff's Notice Of Objections

(Doc. #18) filed August 19, 2015.

## I.     Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Id. at 556.  "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Carter v. United States, 667 F. Supp.2d 1259, 1262 (D. Kan. 2009) (quoting Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the Court must assume that the factual allegations in the complaint are true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not state a claim for relief. Bixler v. Foster, 596 F.3d 751, 756 (10th Cir. 2010) (citing Iqbal, 556 U.S. at 678).

When evaluating a motion to dismiss under Rule 12(b)(6), the Court may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007)) (court may consider documents referred to in complaint if they are central to plaintiff's claim and the parties do not dispute documents' authenticity).

The Court affords a pro se plaintiff some leniency and must liberally construe the complaint. Williams v. Potter, 331 F. Supp.2d 1331, 1335-36 (D. Kan. 2004).  While pro se complaints are held

to less stringent standards than pleadings drafted by lawyers, pro se litigants must follow the same procedural rules as other litigants. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). The Court may not assume the role of advocate for a pro se litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## **Facts**

Rather than recount the disjointed state court petition in detail, the Court has attempted to distill the relevant facts, as follows, and otherwise incorporates the entire petition by reference.

The state court petition alleges the following facts:

On June 9, 2014, Brian Taylor, an Overland Park Community Codes Officer, filed two citations against Brooks in Overland Park Municipal Court. The citations charged a total of five code violations regarding property in Overland Park, Kansas. Municipal Prosecutor Laine Barnard prosecuted the case and Municipal Judge Cindi Cornwell presided over the trial. Plaintiff challenged the citations, alleging that ownership and title were in dispute and that the citations were defective because they did not allege an intent to violate the law and did not name an injured party.

Judge Cornwell found plaintiff guilty of all five citations. Judge Cornwell ruled that Brooks had "absolute liability" for the violations and that the prosecutor did not need to prove criminal intent. Judge Cornwell set an appeal bond. Overland Park employee Kimberly Hendershot filed a "Notice of Lis Pendens" in the office of the Johnson County Register of Deeds.

Plaintiff alleges that the City's process of collecting fines for code violations constitutes extortion and racketeering, that the "community codes pay special attention to rental properties" and that the City legal department and City Council have created a "foreign jurisdiction." Doc. #1-1 at 13-14.

The petition sets out seven separate counts and seeks various forms of relief including a temporary restraining order and permanent injunction against the City and more than $75,000 in damages.

**Analysis**

**I.     Section 1983 Claims (Count One And Portions Of Counts Five And Six)**

Count One and portions of Counts Five and Six appear to allege under Section 1983 that defendants violated plaintiff's Fifth and Fourteenth Amendment rights to due process and protection against double jeopardy. Specifically, Count One alleges that the City had a policy of issuing defective complaints, that Taylor filed defective code complaints against plaintiff and that Judge Cornwell refused to dismiss the defective complaints. Count One asserts that the City, Taylor and Judge Cornwell violated his right to due process under the Fifth and Fourteenth Amendments.[1] Count Five alleges that Taylor filed code complaints which prior prosecutors had dismissed, that City Prosecutor Barnard "jumped jurisdiction" by prosecuting the complaints, and that Hendershot filed notices of lis pendens based on the complaints. Count Five asserts that the City, Taylor, Barnard and Hendershot thus violated plaintiff's Fifth and Fourteenth Amendment rights to due process and protection against double jeopardy. Count Six alleges that the City and Judge Cornwell violated plaintiff's due process rights when Judge Cornwell found that Code violations are based on "absolute liability."

   A.   Official Capacity Claims

Against the individual defendants in their official and individual capacities, plaintiff asserts damage claims under Section 1983. See Doc. #1-1 at ¶ 4-7. The individual defendants argue that the Court should dismiss plaintiff's official capacity claims because they are redundant of the claims against the City.

The Supreme Court has recognized that "[t]here is no longer a need to bring official-capacity

---

[1]   Count One also refers to the Sixth Amendment but provides no factual basis for the claim.

actions against local government officials [because] local government units can be sued directly for damages and injunctive or declaratory relief." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985). Because official-capacity suits are simply "another way of pleading an action against an entity of which an officer is an agent," the official capacity claims against the individual defendants are really claims against the City. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 n.55 (1978). Here plaintiff has sued the City directly, and his official capacity claims against the individual defendants are redundant. These claims are therefore dismissed. See Moore v. Leavenworth Bd. of Cty. Comm'ns, 470 F. Supp.2d. 1237, 1255 (D. Kan. 2007).

  B. Claims Against City

The City asserts that the Court must dismiss the Section 1983 claims against it because plaintiff has not alleged facts which set out a constitutional violation or a City policy which violated his constitutional rights. To create liability against a local governmental body under Section 1983, plaintiff must show (1) a constitutional or statutory violation and (2) an official policy or custom which was the moving force behind the violation. Stevenson v. Whetsel, 52 Fed. App'x 444, 446 (10th Cir. 2002). The City cannot be liable for the acts of its employees and agents under Section 1983 on a theory of vicarious liability or respondeat superior. See Monell, 436 U.S. at 692; Sauers v. Salt Lake Cnty., 1 F.3d 1122, 1129 (10th Cir. 1993). Rather, the City can be liable under Section 1983 only if an official custom or policy caused a violation of plaintiff's constitutional rights, see Monell, 436 U.S. at 694; Graham, 473 U.S. at 165-66, or if an individual with final policymaking authority made the decision which violated his constitutional rights, see Pembaur v. City of Cincinnati, 475 U.S. 469, 481-84 (1986).

    1. Count One

As noted, Count One alleges that the City had a policy of issuing defective complaints

in violation of plaintiff's right to due process under the Fifth and Fourteenth Amendments. Plaintiff has not alleged facts to support a finding that the complaints were defective. Thus, the complaint does not allege a violation of plaintiff's constitutional right to due process. The Court therefore finds that plaintiff's claim against the City in Count One is dismissed with prejudice.

  2. Count Five

Count Five alleges that Taylor filed code complaints which prior prosecutors had dismissed, that City Prosecutor Barnard "jumped jurisdiction" by prosecuting the complaints, and that Hendershot filed notices of lis pendens based on the complaints. Count Five asserts that Taylor, Barnard and Hendershot thus violated plaintiff's Fifth and Fourteenth Amendment right to due process and protection against double jeopardy. Plaintiff does not allege that the individual plaintiffs acted under a City policy. Moreover, plaintiff alleges only that Barnard's predecessors had dismissed prior code complaints and that Barnard, Taylor and Hendershot were involved in prosecution and processing the complaints at issue in this case. Plaintiff does not assert that he was tried on the prior complaints; therefore he has not alleged violation of his Fifth Amendment protection against double jeopardy as incorporated through the Fourteenth Amendment. The Court therefore finds that his claim against the City in Count Five is dismissed.

  3. Count Six

Count Six alleges that Judge Cornwell violated plaintiff's due process rights under the Fifth and Fourteenth Amendments when she found that Code violations are based on "absolute liability." Plaintiff has not articulated how Judge Cornwell's statement violated his constitutional rights. The Court therefore finds that his claim against the City in Count Six is dismissed.

 C. Individual Capacity Claims

The individual defendants assert that they are entitled to dismissal of plaintiff's Section 1983 claims against them. Judge Cornwell asserts that she is entitled to absolute judicial immunity, and Barnard asserts that he is entitled to prosecutorial immunity. Taylor and Hendershot assert that they are entitled to qualified immunity because the state court petition does not adequately allege a constitutional violation.

1. Absolute Immunity

a. Judge Cornwell

In Count Six, plaintiff asserts that Judge Cornwell violated his constitutional rights when she stated that "there is absolute liability" for City Code violations. Judicial immunity protects a judge from liability for official judicial acts, unless committed in the clear absence of all jurisdiction. Lundahl v. Zimmer, 939 (10th Cir. 2002); see Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). A judge does not act in the clear absence of all jurisdiction even if "the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." Stump, 435 U.S. at 356-57. Moreover, a judge is absolutely immune from liability for her judicial acts even if her exercise of authority is "flawed by the commission of grave procedural errors." Id. at 359. Immunity is justified and defined by the functions it protects and serves, not the person to whom it attaches. Valdez v. City & Cnty. of Denver, 878 F.2d 1285, 1287 (10th Cir. 1989).

The Court determines whether a judge has performed a "judicial" act or acted "in the clear absence of jurisdiction" by looking to (1) "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and (2) the expectations of the parties, i.e., whether they dealt with the judge in [her] judicial capacity." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994). Here, both factors are satisfied. The acts which allegedly violated plaintiff's rights are acts which are normally

performed by a judge, including presiding over an arraignment, making rulings on legal and evidentiary matters, entering pleas and hearing evidence at trial. Further, plaintiff dealt with Judge Cornwell solely in her judicial capacity. Therefore, Judge Cornwell is entitled to absolute judicial immunity.

### b. Barnard

In Count Five, plaintiff alleges that Barnard violated his Fifth Amendment protection against double jeopardy. Prosecutors are absolutely immune for activities intimately associated with the judicial phase of the criminal process. Mink v. Suthers, 482 F.3d 1244, 1259 (10th Cir. 2007) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Absolute immunity is not available, however, where a prosecutor acts in the role of an administrator or investigative officer rather an as an advocate. Imbler, 424 U.S. at 430-31. Here, plaintiff alleges that Barnard prosecuted him in the Overland Park Municipal Court; plaintiff does not allege that Barnard acted in any role other than that of prosecutor. Barnard is therefore entitled to absolute immunity.

### 2. Qualified Immunity.

So long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known," government officials sued in their individual capacities are entitled to qualified immunity from suit and liability for civil damages for performing discretionary functions. Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Dodds v. Richardson, 614 F.3d 1185, 1191 (10th Cir. 2010). In resolving a motion to dismiss based on qualified immunity, the Court must consider whether the facts that plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of the alleged misconduct. Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting Leverington v. City of Colo. Springs, 643 F.3d 719, 732 (10th Cir. 2011)). The Court

has discretion to decide which of the two prongs of the qualified immunity analysis to address first. Pearson, 555 U.S. at 236.

Here, plaintiff's petition does not articulate a constitutional violation. Although he refers to the United States Constitution, he does not assert facts showing that his rights have been violated. The Court therefore finds that Taylor is entitled to qualified immunity on the Section 1983 claims against him in Counts One and Five. Likewise, Hendershot is entitled to qualified immunity on the Section 1983 claim against her in Count Six.

**II.     "Fraud In The Factum And In The Inducement" (Count Two)**.

Count Two alleges "fraud in the factum and fraud in the inducement." Defendants assert that this count does not articulate a claim. In part, plaintiff appears to reassert the issue of an appeal bond which the Kansas Court of Appeals decided in City of Overland Park v. Brooks, 304 P.3d 364 (2013). In this case, however, he asserts that he appealed the Municipal Court convictions to the Johnson County District Court where a jury convicted him of the violations. Plaintiff has failed to plead a claim of fraud. The Court therefore finds that Count Two should be dismissed.

**III.    Foreign Jurisdiction (Count Three)**

Count Three alleges that the City, through its Legal Department and City Council, has created a "foreign jurisdiction." This claim is largely unintelligible. The Kansas Court of Appeals has rejected a similar claim which plaintiff made in an earlier case. See Brooks v. Dixon, No. 110,168, 2015 WL 1782368, at *8 (Kan. App. April 10, 2015) (rejecting claims that defendant violated Kansas Constitution because it created "foreign jurisdiction"). The Court therefore dismisses Count Three for failure to state a claim.

**IV.    Extortion And Racketeering [RICO] (Count Four)**

Liberally construed, Count Four appears to allege a RICO claim arising out of the operation of the Municipal Court. Plaintiff claims that the City "has created a collection process for the purpose on all sides (going in, coming out and side issues) of creating extortion and racketeering." Doc. #1-1, ¶52.

To state a RICO claim under 18 U.S.C. § 1962(c), plaintiff must set forth four elements: (1) participation in conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity. Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 838 (10th Cir. 2005).[2]

Racketeering activity is frequently described as a "predicate act" or "predicate acts" which consist of federal and state crimes identified in 18 U.S.C. § 1961(1). Defendants correctly point out that the petition does not identify any necessary predicate acts. The Court therefore dismisses Count Four for failure to state a claim.

## V. Malicious Prosecution (A Portion Of Count Five)

Count Five asserts a state court claim for malicious prosecution. To show malicious prosecution, plaintiff must prove the following elements: (1) defendant instituted the proceeding about which the complaint is made; (2) defendant did so without probable cause; (3) defendant acted with malice; (4) the complained-of proceeding terminated in plaintiff's favor and (5) plaintiff sustained damages. See Wilkinson v. Shoney's, Inc., 269 Kan. 194, 203 (2000). Plaintiff has asserted that the City instituted the City Code prosecution without probable cause. As defendants point out, however, plaintiff has alleged that a jury convicted him after he appealed his Municipal Court conviction to the Johnson County District Court. Thus plaintiff has not alleged (and would be unable to establish) that the

---

[2] Additionally, to assert a private right of action, plaintiff must show injury. See 18 U.S.C. § 1964(c) (providing private right of action for a person injured in his business or property as a result of RICO violation). Plaintiff must establish standing, which requires that he show concrete financial loss. Patterson v. Mobil Oil Corp., 335 F.3d 476, 492, n.16 (5th Cir. 2003); Robinson v. Tucker, No. 12-2200-JTM, 2012 WL 5499439, at *2 (D. Kan. Nov. 13, 2012).

proceedings terminated in his favor. The Court therefore dismisses Count Five for failure to state a claim.

## VI. Violation Of Kansas Constitution (A Portion Of Count Six)

Plaintiff asserts that Judge Cornwell's statement during trial that he had "absolute liability" without proof of criminal intent violated his rights under Articles 3 and 12 of the Kansas Constitution and the Seventeenth Amendment to the Kansas Bill of Rights. Even if plaintiff could articulate such a claim, Judge Cornwell enjoys absolute judicial immunity as set forth above. The Court dismisses the state court claim in Count Six.

## VII. Count Seven

Plaintiff asserts that the City's ordinances "pay special attention to rental properties and leave normal house-holders alone," and constitute "extortion."  Doc. #1-1, ¶ 68. Defendants correctly point out that Count Seven does not articulate a cause of action. The Court therefore dismisses Count Seven for failure to state a claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Dismiss (Doc. #8) filed July 24, 2015 be and hereby is **SUSTAINED**. All of plaintiff's claims are **DISMISSED** with prejudice.

Dated this 30th day of September, 2016, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge